IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | | |
|---|---|---|
| **BRENDA PICKENS AND** | ) | |
| **DOROTHY CHAMBERS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION NO. |
| | ) | CV _____ |
| v. | ) | |
| | ) | |
| **AMERICAN CREDIT** | ) | **JURY TRIAL DEMANDED** |
| **ACCEPTANCE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiffs, by and through counsel, in the above styled cause, and for Plaintiffs' Complaint against the Defendant states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over state law claims and claims arising under the TCPA which are predicated upon the same facts and circumstances that give rise to the federal causes of action pursuant to 28 U.S.C. § 1367. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and out of the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt allegedly owed by Plaintiffs.

### PARTIES

3. Plaintiff, Brenda Pickens ("Plaintiff Pickens"), is a natural person who resides in the City of Greensboro, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff, Dorothy Chambers ("Plaintiff Chambers" and together with Plaintiff Pickens, "Plaintiffs"), is a natural person who resides in the City of Greensboro, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant American Credit Acceptance, LLC, ("Defendant") is a foreign debt collection firm that engages in the business of debt collection. It is registered with the Alabama Secretary of State and conducts business in and about Alabama. Defendant's principal place of business is in the State of South Carolina and it is incorporated in same.

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff Chambers and Plaintiff Pickens established a cell phone account in their names on or about September 21, 2013.

8. Based on information and belief, on or about September 22, 2013, Defendant began harassing collection activities against Plaintiffs.

9. During the initial communication, Defendant disclosed there was an outstanding debt for Elizabeth Mosley, demanding to speak with same.

10. Plaintiff Pickens told Defendant that she was not Elizabeth Mosley.

11. Plaintiff Pickens asserted she did not live with or know Elizabeth Mosley.

12. Plaintiff Pickens asserted she did not owe any debt to Defendant.

13. Plaintiff Pickens informed Defendant that it had the wrong number.

14. Plaintiff Pickens further emphasized to Defendant that the number Defendant was calling was the Plaintiffs' personal cell phone, and not to call them anymore.

15. Defendant stated it would place Plaintiffs on the "Do Not Call List" and would not call them back.

16. Despite promises not to call Plaintiffs, and despite being told that neither of the Plaintiffs was the debtor, Defendant continued to harass Plaintiffs by calling them multiple times a day.

17. On at least one occasion, the Defendant called Plaintiffs' cell phone, cursed at Plaintiff Pickens, and threatened Plaintiff Pickens asserting Defendant knew that Plaintiff Pickens was, in fact, the debtor, Elizabeth Mosley.

18. Plaintiff Pickens again asserted that she was not Elizabeth Mosley, did not know Elizabeth Mosley and did not have any relationship with the debtor.

19. Despite Plaintiff Pickens' repeated requests for Defendant to stop calling Plaintiffs' cell phone, Defendant continued to harass and threaten Plaintiff Pickens with numerous and oppressive debt collection calls and left Plaintiffs harassing voicemails.

20. Neither of the Plaintiffs owes a debt to Defendant. Neither of the Plaintiffs had any prior business relationship with Defendant before Defendant began harassing Plaintiffs with debt collection calls.

21. Neither of the Plaintiffs gave Defendant consent to contact them, and neither of the Plaintiffs provided Defendant with their cell phone number.

22. Defendant also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiffs' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

23. Neither of the Plaintiffs gave Defendant permission to call Plaintiffs' cell phone with an autodialer, predictive dialer, or to use pre-recorded calls.

24. Defendant disregarded Plaintiff Pickens' multiple requests to cease all calls to Plaintiffs' cell phone.

25. The harassment continued to be so oppressive that Plaintiff Pickens called Defendant and again affirmatively requested for Defendant to stop calling Plaintiffs' cell phone. Plaintiff Pickens reaffirmed to Defendant that she was not the debtor, and emphasized the number Defendant continued to call was Plaintiffs' personal cell phone number.

26. The harassing and repeated phone calls have been made within the applicable statute of limitations period.

**SUMMARY**

27. All of the above-described collection communications made to Plaintiffs by Defendant and collection agents of Defendant were made in violation of the FDCPA and TCPA.

28. The above-detailed conduct by Defendant of harassing Plaintiffs in an effort to collect this alleged debt was also an invasion of the Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

29. This series of abusive collection calls by Defendant and its agents caused Plaintiffs stress and anguish as a result of the oppressive number of calls and continued harassment and threats.

30. Defendant's repeated attempts to collect this alleged debt from Plaintiffs and Defendant's refusal to stop violating the law was an invasion of the Plaintiffs' privacy and the Plaintiffs' right to be left alone.

31. Plaintiffs have suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 et seq.

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiffs.

34. As a result of Defendant's violations of the FDCPA, Plaintiff Pickens and Plaintiff Chambers are each individually entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

35. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically by harassing Plaintiff Pickens despite having no prior business relationship with either of the Plaintiffs, and the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiffs by Defendants.

37. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiffs never gave consent to Defendant to use these against Plaintiffs' cell phone.

38. Each call is a separate violation and entitles Plaintiff Pickens and Plaintiff Chambers, each individually, to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made "willfully" or "knowingly" that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

40. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

43. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

44. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing **obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

45. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

46. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this alleged debt, thereby invading and intruding upon Plaintiffs' right to privacy.

5

47. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

48. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

50. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT IV.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

51. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT V
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

54. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

55. Defendant violated all of the duties Defendant had and such violations were made knowingly, intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

56. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiffs.

57. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

58. Defendant invaded the privacy of Plaintiffs as set forth in Alabama law.

59. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

60. As a result of this conduct, action, and inaction of Defendant, Plaintiffs have suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

**COUNT I.**
**VIOLATIONS OF THE FDCPA**

- for an award of actual damages for each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);
- for an award of statutory damages of $1,000.00 for each Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- for a permanent injunction to prevent future violations of the FDCPA by Defendant;
- for such other and further relief as may be just and proper.

**COUNT II.**
**VIOLATIONS OF THE TCPA**

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs;
- statutory damages of $500.00 to $1,500.00 per call for each Plaintiff;
- for a permanent injunction to prevent future violations of the TCPA by Defendant; and
- for such other and further relief as may be just and proper.

**COUNT III.**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless,

7

- and/or negligent state law violations in an amount to be determined at trial for Plaintiffs;
- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT IV.
### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs;
- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT V.
### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs;
- punitive damages; and
- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/Brian Spellen (ASB-3262-N70S)
(SPELB3262)
Attorney for Plaintiff
The Trinity Law Group, LLC
1933 Richard Arrington Jr., Blvd. S.
Suite 223
Birmingham, Alabama 35209
P: (205) 820-9474
F: (205) 776-2695

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.
Serve defendants via certified mail at the following address:

American Credit Acceptance, LLC
C/O CT Corporation System

2 North Jackson Street, Ste. 605
Montgomery, AL 36104